Taylor v. Stevens & Co.

LUCY WOOD TAYLOR, PLAINTIFF, EMPLOYEE v. J. P. STEVENS AND COM-
PANY, EMPLOYER, LIBERTY MUTUAL INSURANCE COMPANY, CAR-
RIER, DEFENDANTS

No. 7810IC1052

(Filed 2 October 1979)

**Master and Servant § 94.1— workmen's compensation—byssinosis—time of
disablement—finding required**

Plaintiff's claim for disability allegedly resulting from exposure to cotton
dust at her place of employment is remanded for further evidentiary hearings
to determine the date upon which plaintiff's disablement became sufficiently
extensive to prevent her from pursuing employment, and upon such a finding
to determine which statutory provisions are applicable.

Judge VAUGHN concurs in the result.

APPEAL by plaintiff from award of the Industrial Commis-
sion. Award of the Full Commission affirming the opinion and
award of Deputy Commissioner Conely entered 9 May 1978.
Heard in the Court of Appeals 23 August 1979.

Plaintiff in this case is a female, 65 years of age, who, during
the period of time between 1928 and 1 August 1963 was employed
a total of 32 years by various cotton mills in the Roanoke Rapids
area. In the course of her employment she was, on a continuing
basis, exposed to heavy concentrations of cotton dust. She began
to experience respiratory difficulties about 1939, noticing
tightness in her chest on Monday mornings entering the mill,
shortness of breath, wheezing and coughing. These symptoms
abated somewhat between 1953 and 1955, during which period she
was not working. Upon the resumption of her employment in the
cotton mills, her symptoms worsened. After 1958, plaintiff ex-
perienced increasing difficulty with her breathing, ultimately tak-
ing a medical leave of absence as of 7 August 1963, at which time
she was hospitalized for treatment of her symptoms. She never
thereafter returned to work, although she was placed in an "on-
call" status by defendant.

Plaintiff smoked 5 to 6 cigarettes a day for a period of 32
years, beginning at the age of 19 and discontinuing her smoking
at the age of 51. She had had a productive cough for a period of
20 years. Her last place of employment was located approximately
one and one-half blocks from her home. Plaintiff testified that it

was necessary for her to pay someone to drive her to work, as she was too weak to walk there and then do her job. Plaintiff has been hospitalized on several occasions, for respiratory problems and other unrelated conditions.

The physicians who examined her in regard to her claim noted that she displayed a somewhat atypical history for byssinosis. Nonetheless, it was contended that exposure to cotton dust had been a significant contributing factor in her respiratory problems and disability. One doctor was of the opinion that her condition could and would respond favorably to a sustained and properly adjusted bronchodilation regimen.

The hearing officer concluded that plaintiff is presently disabled, ". . . in part, as a result of an occupational chronic obstructive lung disease contracted as a result of her exposure to cotton dust in her employment." However, she was not entitled to compensation because she ". . . failed to carry the burden of proof that she was disabled as a result of such exposure within one year from the last exposure thereto." The opinion of the hearing officer cited N.C. Gen. Stats. § 97-58 and *Duncan v. Carpenter*, 233 N.C. 422, 64 S.E. 2d 410 (1951) in support of his conclusion that, because plaintiff could not adduce any *medical* evidence that she was disabled as a result of her exposure to cotton dust within one year of her last exposure, she could not receive compensation. The hearing officer also found that plaintiff's testimony concerning her inability to walk from home to her last place of employment was not credible and, by so finding, eliminated the only evidence presented by plaintiff pertinent to her being disabled within one year of her last exposure to cotton dust. On appeal to the full Commission, plaintiff sought by motion to bring additional evidence before the Commission on this point, but the motion was denied. From the award denying her compensation and from the denial of her motion, plaintiff appeals, assigning error.

*Davis, Hassell, Hudson & Broadwell, by Charles R. Hassell, Jr., for the plaintiff.*

*Teague, Campbell, Conely & Dennis by George W. Dennis III, for the defendants.*

Taylor v. Stevens & Co.

MARTIN (Robert M.), Judge.

The hearing officer and the full Commission have decided plaintiff's claim upon an erroneous theory of law. The dictum in *Duncan v. Carpenter*, 233 N.C. 422, 64 S.E. 2d 410 (1957), upon which the denial of plaintiff's claim was predicated is apparently no longer valid. *See Wood v. J. P. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979); *Booker v. Duke Medical Center*, 297 N.C. 458, 256 S.E. 2d 189 (1979). This cause is remanded for further evidentiary hearings to receive sufficient pertinent evidence so as to enable the hearing officer to make a factual finding as to the date upon which plaintiff's disablement became sufficiently extensive to prevent her from pursuing her employment, and upon such a finding to determine which statutory provisions are applicable, *Woods v. Stevens Co., supra.* The Commission is bound on remand by its findings and conclusions in the present record that plaintiff *is* disabled, and that the disablement is the result of an occupational chronic obstructive lung disease contracted as a result of her exposure to cotton dust in her employment. We need not consider whether the full Commission abused its discretion in failing to receive additional evidence upon motion from plaintiff; new hearings will in any event be required to make the determination we find to be required under *Wood v. Stevens Co., supra.*

The award of the full Industrial Commission affirming the hearing officer's denial of plaintiff's claim for compensation is vacated. The cause is remanded for further proceedings not inconsistent with this opinion and consistent with the cases cited above.

Vacated and remanded.

Judge WEBB concurs.

Judge VAUGHN concurs in the result.